UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VASHAWN VALENTINE,<br><br>                       Plaintiff,<br><br>        -against-<br><br>WESTCHESTER COUNTY; WESTCHESTER<br>COUNTY OF CORRECTIONALS; NEW<br>ROCHELLE POLICE DEPARTMENT,<br><br>                    Defendants. | 19-CV-2526 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated at Franklin Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 1983, alleging that Defendants violated his rights by arresting and detaining

him.[1] By order dated May 21, 2019, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[2] For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

---

[1] Plaintiff initially filed this action in the United States District Court for the Eastern
District of New York. On March 11, 2019, Judge LaShann DeArcy Hall of the Eastern District
transferred the case to this Court. *See Valentine v. Westchester Cnty.*, No. 19-CV-0884 (LDH)
(PK) (E.D.N.Y. Mar. 11, 2019).

[2] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint: on April 3, 2017, Police Officer John Doe from the New Rochelle Police Department stopped Plaintiff and asked him where he was coming from. After Plaintiff stated that he was coming from a friend's house, Officer Doe arrested Plaintiff. When Plaintiff asked him why, Officer Doe stated that a complaint had been made. After his arrest, Plaintiff was detained at the county jail, and for six months, went back and forth to court proceedings. The Government repeatedly delayed the state-court proceedings because it was not ready to ask for a felony hearing. The judge eventually dismissed the criminal case against Plaintiff.

Plaintiff brings this action against Westchester County, "Westchester County of Correctional," the New Rochelle Police Department, and Jane and John Does from the Westchester County Correctional Facility. He seeks monetary damages and "would like the courts to help [him] get back what was taken from [him]." (Compl. at 5.)

## DISCUSSION

### A.  "Westchester County of Correctionals" and New Rochelle Police Department

Plaintiff brings this action challenging the validity of his arrest and detention. He asserts claims against "Westchester County of Correctionals," which the Court presumes is actually Westchester County Department of Correction (WCDOC), and the New Rochelle Police Department. But Plaintiff's claims against these two entities must be dismissed because WCDOC and the New Rochelle Police Department lack the capacity to be sued in their own names. Under

New York law, city agencies or departments do not have the capacity to be sued. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Therefore, Plaintiff's claims against WCDOC and the New Rochelle Police Department must be brought against Westchester County and the City of New Rochelle respectively.

Plaintiff names Westchester County as a defendant in this action. In light of his *pro se* status and clear intention to assert claims against the City of New Rochelle, the Court construes the complaint as asserting claims against the City of New Rochelle, and directs the Clerk of Court to amend the caption of this action to replace the New Rochelle Police Department with the City of New Rochelle. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New Rochelle may wish to assert.

**B.      Westchester County and City of New Rochelle**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654

F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not allege any facts suggesting that his rights were violated by Westchester County. He challenges the validity of his arrest and detention, but he simply asserts that he was detained at WCDOC while his criminal proceedings were pending. Plaintiff's detention at WCDOC alone is insufficient to state a claim that Westchester County has a custom, policy, or practice that violated his rights. The Court therefore dismisses Plaintiff's claims against Westchester County for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff also fails to allege facts concerning his arrest or detention suggesting that a policy, custom, or practice of the City of New Rochelle caused a violation of his constitutional rights. But the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is not clear that granting Plaintiff leave to amend would be futile, the Court grants Plaintiff leave to amend his complaint. If Plaintiff names the City of New Rochelle as a defendant in his amended complaint, he must plead facts showing that the municipality itself caused a violation of his rights.

**C.    Jane and John Doe Defendants from WCDOC**

Plaintiff also names as defendants in the complaint Jane and John Does from WCDOC. But he does not allege any facts showing how any individual from WCDOC was personally involved in the events underlying his claims. The Court therefore dismisses the Jane and John Does from WCDOC as defendants in this action because Plaintiff fails to state a claim against them. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims concerning his April 3, 2017 arrest and subsequent detention, which he asserts violated his rights.[3] First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the

---

[3] A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

[4] The caption is located on the front page of the complaint.  Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.[6]

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2018, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

[6] Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses Plaintiff's claims against Westchester County, Westchester County of Correctionals, the New Rochelle Police Department, and the Jane and John Doe Defendants from the Westchester County Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Clerk of Court is directed to add the City of New Rochelle as a defendant under Fed. R. Civ. P. 21.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-2526 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he does not show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   May 28, 2019
         New York, New York

_____
Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

## COMPLAINT

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                          Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                    Zip Code

Defendant 2:

First Name                          Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                    Zip Code

Defendant 3:

First Name                          Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                    Zip Code

Defendant 4:

First Name                          Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____