UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VASHAWN VALENTINE,                               :
                              Plaintiff,          :       **OPINION AND ORDER**
v.                                                :
                                                  :       19 CV 2526 (VB)
POLICE OFFICER NICHOLAS ZUZULO,                   :
                              Defendant.          :
------------------------------------------------------------x

Briccetti, J.:

     Plaintiff Vashawn Valentine, proceeding pro se and in forma pauperis, brings this action

pursuant to 42 U.S.C. § 1983 and New York State law against defendant Police Officer Nicholas

Zuzulo for false arrest.[1]

     Now pending is defendant's motion to dismiss the Second Amended Complaint ("SAC")

pursuant to Rule 12(b)(6).  (Doc. #30).

     For the reasons set forth below, the motion is GRANTED.  However, plaintiff is granted

leave to file a letter that will be construed together with the SAC as a third amended complaint,

as specified below.

     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

     For the purposes of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the SAC and draws all reasonable inferences in plaintiff's favor, as

summarized below.

---

[1]     Plaintiff initially asserted claims against the Commissioner of the Westchester County
Department of Corrections for violations of his right to due process, but he later voluntarily
dismissed those claims.  (Doc. #28).

Plaintiff alleges that on April 3, 2017, at approximately 2:00 a.m., his ex-girlfriend complained to the police that he had burglarized her apartment.  Plaintiff further alleges she informed the police he was then-visiting a friend's residence in New Rochelle.  Plaintiff claims he was visiting his friend's residence after "being out of the area during the time he allegedly burglarized [his ex-girlfriend's] apartment."  (Doc. #20 ("SAC") at ECF 6).[2]

Plaintiff alleges he was then arrested at his friend's residence by defendant Zuzulo, a New Rochelle police officer.  According to plaintiff, defendant acted "solely on the complaint[,] and no warrant was issued for" his arrest.  (SAC at ECF 6).  Plaintiff asserts he was nowhere near the "crime scene" at the time of the burglary.  (Id.).  Furthermore, he claims defendant neither witnessed nor had additional evidence linking plaintiff to the complained-of burglary.

According to plaintiff, the prosecution mounted an "effort of coercive tactics" against his ex-girlfriend while delaying trial.  (SAC at ECF 4).  Plaintiff claims his ex-girlfriend later "provided a sign[ed] affidavit stating that the original complaint was [] in-fact gratuitously made and entirely false," and the related charges against him were dismissed.  (SAC at ECF 4).

### DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of a complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[3]  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the

---

[2]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

[3]   Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe the submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

In addition, because plaintiff is proceeding pro se, the Court considers allegations made for the first time in his opposition to the motion to dismiss.  See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).[4]

---

[4]     Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Furthermore, an affirmative defense may be raised in a pre-answer Rule 12(b)(6) motion "if the defense appears on the face of the" pleadings.  See Chen v. Major League Baseball Props., Inc., 798 F.3d 72, 81 (2d Cir. 2015).

II.    False Arrest

Defendant argues the SAC pleads facts establishing he had probable cause to arrest plaintiff and therefore defendant is absolutely immune from plaintiff's false arrest claims.

The Court agrees.

A.    Legal Standard

Section 1983 claims for false arrest are analyzed under the law of the state where the arrest occurs.  Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006).  To state a claim for false arrest, a plaintiff must plead:  "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement[,] and (4) the confinement was not otherwise privileged."  Singer v. Fulton Cty. Sherriff, 63 F.3d 110, 118 (2d Cir. 1995).

Under New York law, the existence of probable cause is an absolute defense to a false arrest claim.  See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).  An officer has probable cause to arrest when he or she has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."  Id.  Courts determine whether probable cause existed by focusing on the facts available to the arresting officer at the time of the arrest.  See Jaegly v. Couch, 439 F.3d at 153.  "It is well-established that a law enforcement official has probable cause to arrest if he received his information from some

4

person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the

person's veracity." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).

When an arrest is made without a judicial warrant, the existence of probable cause is an

affirmative defense for which the defendant bears the burden of proof. See Dickerson v.

Chertoff, 604 F.3d 732, 751 (2d Cir. 2010).

B.    Application

The SAC must be dismissed because, accepting plaintiff's own allegations as true,

defendant had probable cause to arrest plaintiff for burglary. According to the SAC, at the time

defendant arrested plaintiff, defendant acted "solely" on a complaint filed by plaintiff's ex-

girlfriend identifying plaintiff as having burglarized her apartment. (SAC at ECF 6). The SAC

alleges no facts or circumstances raising doubt as to the burglary complaint's veracity or

reliability. Therefore, at the time of the arrest and based on the allegations in the SAC, defendant

had reasonably trustworthy information sufficient to warrant a person of reasonable caution in

the belief that plaintiff committed burglary. See Weyant v. Okst, 101 F.3d at 852.

That plaintiff's ex-girlfriend later affirmed her complaint was "gratuitously made and

entirely false" does not alter this analysis because the Court assesses probable cause at the time

the arrest was made, not based on information learned after the fact. See Jaegly v. Couch, 439

F.3d at 153. The SAC contains no allegations that defendant was aware or should have been

aware, at the time of the arrest, of any facts suggesting the burglary complaint was false.

Although the defense of probable cause is ordinarily an affirmative defense for which the

defendant has the burden of proof, when, as here, the defense appears on the face of the

pleadings, the Court may resolve that defense on a motion to dismiss. See Chen v. Major League

Baseball Props., Inc., 798 F.3d at 81.

5

Plaintiff argues in opposition to the motion that defendant "knew [] the information provided by" his ex-girlfriend was false.  (Doc. #34 at ECF 8).  And although the Court may consider this allegation as part of the pleadings, see Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6, the allegation is conclusory because it provides no facts or details from which the Court could infer defendant knew or had reason to know the burglary complaint was false.  Nor does this conclusory assertion suggest defendant had reason to doubt the veracity of plaintiff's ex-girlfriend.

Therefore, plaintiff's claims for false arrest under Section 1983 and New York State law must be dismissed.

III.   Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim."  Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000).  District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff asserted, for the first time in his opposition to the pending motion, that defendant knew the burglary complaint was false.  Because a liberal reading of the SAC with that additional allegation suggests plaintiff may be able to allege facts from which an inference could be drawn that defendant lacked probable cause for the arrest, the Court grants plaintiff leave to amend the SAC **by filing a letter** in accordance with the instructions below and to the extent he can do so **clearly, concisely, truthfully, and plausibly**.

To the greatest extent possible, plaintiff's **<u>letter</u>** must address the deficiencies identified in this Opinion and Order and allege facts that support plaintiff's contention that defendant knew the complaint upon which he arrested plaintiff was false.  Plaintiff must allege specific facts suggesting that, at the time of the arrest, defendant knew or should have known of reasons or circumstances raising doubt as to the veracity of the burglary complaint.

Given the limited clarification the Court requires and in the interest of timeliness, the Court will not require plaintiff, who is proceeding <u>pro se</u>, to file a new complaint realleging all information necessary for his claim.  Rather, the Court will construe plaintiff's letter together with the SAC as his third amended complaint.

## CONCLUSION

The motion to dismiss is GRANTED.  However, plaintiff is granted leave to amend his complaint as to his claim against Police Officer Zuzulo for false arrest in accordance with the instructions above.

Plaintiff shall file his letter by no later than **<u>February 8, 2021</u>**.  **<u>If plaintiff fails to file this letter or seek additional time to do so by February 8, 2021, plaintiff will not be permitted to further amend his SAC, and the Court will instruct the Clerk to close this case</u>**.

The Clerk is instructed to terminate the motion.  (Doc. #30).

Dated: January 4, 2021
     White Plains, NY

                                         SO ORDERED:

                                         Vincent L. Briccetti
                                         United States District Judge