UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VASHAWN VALENTINE,                          :
                                Plaintiff,   :        **MEMORANDUM**
v.                                           :        **OPINION AND ORDER**
                                             :
POLICE OFFICER NICHOLAS ZUZULO,             :        19 CV 2526 (VB)
                                Defendant.   :
--------------------------------------------------------------x

Briccetti, J.:

 Plaintiff Vashawn Valentine, proceeding pro se and in forma pauperis, brings this action

pursuant to 42 U.S.C. § 1983 and New York State law against defendant Police Officer Nicholas

Zuzulo for false arrest.

 Now pending is defendant's motion to dismiss the third amended complaint pursuant to

Rule 12(b)(6).  (Doc. #45).

 For the reasons set forth below, the motion is GRANTED.

 This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

 The Court presumes the parties' familiarity with the factual background and summarizes

only the relevant procedural history.

 In his second amended complaint, plaintiff alleged his ex-girlfriend complained to the

police that plaintiff burglarized her apartment, which led to plaintiff's arrest by defendant.  (Doc.

#20).  Liberally construed, plaintiff asserted false-arrest claims pursuant to Section 1983 and

New York law against defendant.

 On January 4, 2021, the Court dismissed plaintiff's second amended complaint and

granted him leave to amend.  (Doc. #40).  Specifically, the Court concluded from the complaint

that defendant had probable cause to arrest plaintiff and was thus entitled to absolute immunity,

but it granted plaintiff leave to file a letter, to be construed together with the second amended complaint to constitute a third amended complaint, which was to "allege specific facts suggesting that, at the time of the arrest, defendant knew or should have known of reasons or circumstances raising doubt as to the veracity of the burglary complaint."  (Id. at 6–7).

Plaintiff's letter was filed on February 4, 2021.  (Doc. #41 ("Third Am. Compl.")). Liberally construed, plaintiff alleges defendant lacked probable cause to arrest him for burglary because:  (i) defendant visited the victim's home and observed nothing was broken; (ii) plaintiff had a key to the victim's apartment; (iii) the victim was being threatened by defendant; (iv) plaintiff offered an alibi; and (v) defendant was targeting plaintiff for personal reasons.

Thereafter, defendant moved to dismiss.  (Doc. #45).

## DISCUSSION

I.    Legal Standards

A.    Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[1]  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

---

[1]    Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).

B.    False Arrest

Section 1983 claims for false arrest are analyzed under the law of the state where the arrest occurs.  Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006).  Thus, to state a claim for false arrest under Section 1983 or New York law, a plaintiff must plead: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged."  Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).

Under New York law, the existence of probable cause is an absolute defense to a false-arrest claim.  See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).  An officer has probable cause to arrest when he or she "ha[s] knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."  Id.  Courts determine

whether probable cause existed by focusing on the facts available to the arresting officer at the time of the arrest. Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).

"It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." Panetta v. Crowley, 460 F.3d at 395. Plaintiff may allege facts, for example, that an officer "had reason to doubt" an eyewitness's credibility. See, e.g., Nunez v. City of New York, 2016 WL 1322448, at *5 (S.D.N.Y. Mar. 31, 2016) (eyewitness gave conflicting descriptions of the shooter and was affiliated with a rival gang), aff'd, 735 F. App'x 756 (2d Cir. 2018) (summary order); Bullard v. City of New York, 240 F. Supp. 2d 292, 298 (S.D.N.Y. 2003) (eyewitness falsely represented himself as a psychiatrist and employee of the U.S. Marshal Service to arresting officers).[2]

II.   Application

Defendant contends plaintiff's new factual allegations, even accepted as true, are insufficient to demonstrate defendant lacked probable cause to arrest plaintiff.

The Court agrees.

First, plaintiff alleges defendant knew he was innocent because he went to the victim's apartment and saw there was nothing broken. (Third Am. Compl. at 5). This does not mean defendant lacked probable cause to arrest plaintiff for burglary. For one, damage to the premises is not an element of burglary under New York law. See N.Y. Penal Law §§ 140.20–.30. For another, liberally construing plaintiff to be alleging there was no evidence of a break-in, the absence of physical evidence to corroborate a complaining victim's story does not negate

---

[2]     Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

probable cause.  See Betts v. Shearman, 751 F.3d 78, 83 (2d Cir. 2014) (affirming Rule 12(b)(6) dismissal of false-arrest claim over plaintiff's argument that officers lacked probable cause to arrest him for assault when there was no physical evidence complainant was physically assaulted).

Second, plaintiff alleges he possessed a key to the victim's apartment and thus could not have committed burglary.  (Third Am. Compl. at 4).  Plaintiff does not, however, allege defendant knew plaintiff had a key to the victim's apartment.  Even if he had alleged this, plaintiff's possession of a key does not negate probable cause.  "[T]he mere fact that Plaintiff had a key does not thereby mean he was entitled to use it at the time in question."  Harford v. County of Broome, 102 F. Supp. 2d 85, 93–94 (N.D.N.Y. 2000) (finding probable cause to arrest plaintiff for burglary despite factual dispute over whether plaintiff possessed a key to the victim's home).

Third, plaintiff alleges his criminal defense attorney discovered the victim "was being threatened with Child Protective Services" and defendant "kept trying to get her to come to court on [plaintiff]."  (Third Am. Compl. at 6).  In other words, plaintiff does not allege defendant threatened the victim so she would identify plaintiff as the burglar, but rather that defendant threatened the victim to testify against plaintiff in court.  Absent allegations that defendant coerced plaintiff's original identification, "the original probable cause based on [plaintiff]'s allegations is sufficient to serve as a defense to [p]laintiff's false arrest[ ] claims."  Richardson v. Bronx Div. of Parole Supervisor Barometre, 2016 WL 6561402, at *3 (S.D.N.Y. Oct. 20, 2016).

Fourth, plaintiff alleges he told defendant after his arrest that he was in Connecticut for a family funeral during the time of the purported burglary.  (Third Am. Compl. at 1, 4).  Probable cause may still exist even when "a police officer was presented with different stories from an

alleged victim and the arrestee." Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001). Defendant was entitled to believe the victim's statement that plaintiff broke into her home over plaintiff's "protestations of innocence." Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997); see, e.g., Kanderskaya v. City of New York, 590 F. App'x 112, 113–14 (2d Cir. 2015) (summary order) (affirming Rule 12(c) dismissal and finding defendants were entitled to rely on the word of one spouse over another and as a result had probable cause to arrest one spouse).  Moreover, plaintiff does not allege defendant knew plaintiff was in Connecticut at the time of the burglary before defendant arrested him. See, e.g., Dunkelberger v. Dunkelberger, 2015 WL 5730605, at *13–14 (S.D.N.Y. Sept. 30, 2015) ("Specifically, although Gayle told the police that Dunkelberger might be in danger, Plaintiffs allege that the police Defendants knew that Dunkelberger was not at home.  Thus, there were reasons for Defendants to doubt the veracity of Gayle's statement.").

Finally, plaintiff contends defendant was targeting him for personal reasons.  (Third Am. Compl. at 6 ("Officer Zuzulo wanted me back in jail cause he felt I belong there he took it personal to track me down on his own with no other officers to help him.")).  This has no bearing on the probable-cause inquiry.  In determining whether probable cause existed at the time of arrest, the Court looks only to whether an objectively reasonable officer could find probable cause, not what the officer in question subjectively believed.  Baldeo v. Keiser-O'Neill, 2018 WL 3733942, at *3 (E.D.N.Y. Aug. 6, 2018) (citing Heien v. North Carolina, 574 U.S. 54, 66 (2014)).

Accordingly, plaintiff's false-arrest claims must be dismissed.

**CONCLUSION**

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #45) and close this case.

Chambers will mail a copy of this Memorandum Opinion and Order to plaintiff at the

address on the docket.

Dated: December 9, 2021
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge